IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN BERNDT and
ERIC HOLEVATZ,

                Plaintiffs,

    v.

CLEARY BUILDING CORP.,

                Defendant.

AMENDED
SCHEDULING ORDER

11-cv-791-wmc

---

        This court held a telephonic status conference on January 25, 2013. Both sides were represented by counsel. The court set the following schedule for the remainder of this case and advised the parties that their conduct throughout this case is governed by this pretrial conference order, as well as the attachments to the court's original Preliminary Pretrial Conference Order dated February 6, 2012.

        The parties and their attorneys must at all times treat everyone involved in this lawsuit with courtesy and consideration. The parties must attend diligently to their obligations in this lawsuit and must reasonably accommodate each other in all matters so as to secure the just, speedy and inexpensive resolution of each proceeding in this matter as required by Fed. R. Civ. Pro. 1. Failure to do so shall have consequences.

**1.**    **Motions & Briefs To Certify/Decertify Classes**: May 24, 2013

        This is the deadline for plaintiffs to seek certification of a Rule 23 class or for defendant to seek decertification of a conditional FLSA class. All responses to any dispositive motion must be filed and served within 21 calendar days of service of the motion. Any reply by the movant must be filed and served within 10 calendar days of service of the response. The parties may not modify this schedule without leave of court.

2.	**Disclosure of liability experts: Plaintiffs: May 10, 2013**

**Defendant: June 7, 2013**

All disclosures mandated by this paragraph must comply with the requirements of Rule 26(a)(2).  There shall be no third round of rebuttal expert reports.  Supplementation pursuant to Rule 26(e)(2) is limited to matters raised in an expert's first report, must be in writing and must be served not later than five calendar days before the expert's deposition, or before the general discovery cutoff if no one deposes the expert.  Any employee of a party who will be offering expert opinions during any phase of this case must comply with all of these disclosure requirements.  Failure to comply with these deadlines and procedures could result in the court striking the testimony of a party's experts pursuant to Rule 37. The parties may modify these deadlines and procedures only by unanimous agreement or by court order.

3.	**Deadline for filing dispositive motions**: **July 23, 2013**

Dispositive motions may be filed and served by any party on any date up to the deadline set above. All dispositive motions must be accompanied by supporting briefs. All responses to any dispositive motion must be filed and served within 21 calendar days of service of the motion. Any reply by the movant must be filed and served within 10 calendar days of service of the response.  The parties may not modify this schedule without leave of court.

If any party files a motion for summary judgment, all parties must follow this court's procedure governing such motions, a copy of which is attached to this order. The court will not consider any document that does not comply with its summary judgment procedure. A party may not file more than one motion for summary judgment in this case without leave of court.

Parties are to undertake discovery in a manner that allows them to make or respond to dispositive motions within the scheduled deadlines. The fact that the general discovery deadline

2

cutoff, set forth below, occurs after the deadlines for filing and briefing dispositive motions is not a ground for requesting an extension of the motion and briefing deadlines.

4.      **Disclosure of damages experts: Plaintiff: September 16, 2013**

**Defendant: October 16, 2013**

The requirements of Paragraph 3, above, also apply to these disclosures.

5.      **Settlement Letters**: **November 15, 2013**

Each party must submit to the clerk of court a settlement letter not later than the date set forth above.  Counsel shall email a PDF version of the settlement letter to the clerk at [clerkofcourt@wiwd.uscourts.gov](mailto:clerkofcourt@wiwd.uscourts.gov).  The letter should contain the terms and conditions upon which the counsel's client(s) would agree to settle this case.  Such letters should be marked "Under Seal" and should not be sent to opposing counsel. Such letters will not become part of the record in this case.  Upon receipt of the letters, the court will initiate settlement discussions with counsel.

6.      **Discovery Cutoff**: **November 15, 2013**

All discovery in this case must be completed by the date set forth above, absent written agreement of all parties to some other date.  Absent written agreement of the parties or a court order to the contrary, all discovery must conform with the requirements of Rules 26 through 37.  Rule 26(a)(1) governs initial disclosures unless the parties agree in writing to the contrary.

The following discovery materials *shall not* be filed with the court unless they concern a motion or other matter under consideration by the court: interrogatories; responses to

interrogatories; requests for documents; responses to requests for documents; requests for admission; and responses to requests for admission.

**Please note** that the court has a **new policy** regarding filing deposition transcripts: a party need not file a deposition transcript with the court until that party is using the deposition in support of some other submission, at which time the entire deposition must be filed. All deposition transcripts must be in compressed format. The court will not accept duplicate transcripts. The parties must determine who will file each transcript.

A party may not file a motion regarding discovery until that party has made a good faith attempt to resolve the dispute. All efforts to resolve the dispute must be set forth in any subsequent discovery motion filed with this court. By this order, the court requires all parties to a discovery dispute to attempt to resolve it quickly and in good faith. Failure to do so could result in cost shifting and sanctions under Rule 37.

This court also expects the parties to file discovery motions promptly if self-help fails. Parties who fail to do so may not seek to change the schedule on the ground that discovery proceeded too slowly to meet the deadlines set in this order.

All discovery-related motions must be accompanied by a supporting brief, affidavit, or other document showing a *prima facie* entitlement to the relief requested. Any response to a discovery motion must be served and filed within seven calendar days of service of the motion.

7.      **Rule 26(a)(3) Disclosures *and* all motions in limine: November 20, 2013**

                                             **Objections: December 1, 2013**

The first date is the deadline to file and serve all Rule 26(a)(3) disclosures, as well as all motions in limine, proposed voir dire questions, proposed jury instructions, and proposed verdict forms. All responses in opposition are due by the second date. The format for submitting

proposed voir dire questions, jury instructions and verdict forms is set forth in the Order Governing Final Pretrial Conference, which is attached.

The parties must submit courtesy copies of all these submissions to chambers.

8. **Final Pretrial Conference: December 16, 2013 at 4:00 p.m.**

Lead counsel for each party must appear in person. Any deposition that has not been filed with the Clerk of Court by the date of the final pretrial conference shall not be used by any party for any purpose at trial.

9. **Trial: January 6, 2014 at 9:00 a.m.**

Counsel shall meet with the court at 8:30 a.m. Trial shall be to a jury of seven and shall be bifurcated. The parties estimate that this case will take three to ten days to try. Absent further order of this court, the issues to be tried shall be limited to those identified by the parties in their pretrial conference report to the court.

This case will be tried in an electronically equipped courtroom and the parties shall present their evidence using this equipment. Counsel shall ensure the compatibility of any of their personal equipment with the court's system prior to the final pretrial conference or shall forfeit their right to use any personal equipment that is not compatible with the court's system.

10. **Other Matters**

All pretrial matters, including discovery disputes, will be decided by Judge Conley.

Entered this 25th day of January, 2013.

BY THE COURT:

/s/

William M. Conley
District Judge