IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**STEVEN BERNDT,**
**ERIC HOLEVATZ,**
**MIKE HARMON,**
**RYAN STEERE,**
and
**RAYMOND PETERSON**
individually and on behalf
of all others similarly situated

                                        Case No. 11-cv-791

           Plaintiffs,

vs.

**CLEARY BUILDING CORP.**

           Defendant.

## DECLARATION OF WILLIAM PARSONS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND JUDICAL NOTICE

    I, William Parsons, certify under penalty of perjury that the following is true and correct to the best of my knowledge and recollection:

    1. I am an attorney licensed to practice in the State of Wisconsin and am counsel for the Plaintiffs and putative classes in the above-captioned matter.

    2. Hawks Quindel, S.C. is a 20-attorney law firm with offices in Madison, Wisconsin and Milwaukee, Wisconsin. Hawks Quindel, S.C. has focused its practice on representing employees and labor unions in employment and labor law disputes since its formation more than 25 years ago.

3. Hawks Quindel, S.C. has handled multiple wage and hour claims under Wisconsin law and the federal Fair Labor Standards Act. Hawks Quindel has been certified as class counsel on a number of cases in the Western District of Wisconsin, and currently serves as class counsel on Roberta Fosbinder-Bittorf v. SSM Healthcare of Wisconsin, Inc. 12-CV-592 (conditionally certified) and Raychelle Freeman v. Total Security Management, Inc., 12-cv-461 (not certified).

4. Attorney David C. Zoeller is a shareholder at Hawks Quindel, S.C. and has represented plaintiffs in class action and collective action wage and hour claims in the District of Minnesota, the Northern and Southern Districts of California, the District of Oklahoma, the Eastern District of Tennessee, and the Western District of Wisconsin. Attorney Zoeller currently serves as class counsel on Roberta Fosbinder-Bittorf v. SSM Healthcare of Wisconsin, Inc. 12-CV-592 (conditionally certified) and Raychelle Freeman v. Total Security Management, Inc., 12-cv-461 (not certified).

5. Attorney Summer Murshid is a shareholder at Hawks Quindel, S.C. and has represented plaintiffs in class action and collective action wage and hour claims in the Eastern District and Western District of Wisconsin. Attorney Murshid serves as class counsel on Roberta Fosbinder-Bittorf v. SSM Healthcare of Wisconsin, Inc., 12-CV-592 (conditionally certified) and Bates, et. al v. Kerry, Inc., 13-CV-00142 (not certified).

6. Attorney Larry Johnson is an attorney at Hawks Quindel, S.C. and has represented plaintiffs in class action and collective action wage and hour claims in the Eastern and Western Districts of Wisconsin and the Seventh Circuit Court of

Appeals. Attorney Johnson serves as class counsel on Roberta Fosbinder-Bittorf v. SSM Healthcare of Wisconsin, Inc., 12-CV-592 (conditionally certified) and Bates, et. al v. Kerry, Inc., 13-CV-00142 (not certified).

7. Since filing the complaint in the above captioned matter, Plaintiffs have served Defendant with several Requests for Production of Documents.

8. Plaintiffs' Requests for Production of Documents contained several requests seeking information related to the putative class members.

9. In the course of discovery, Defendant produced a list of field crew employees from January 25, 2010 to present. This list included 164 putative class members in Iowa, 237 in Illinois, 115 in Minnesota, and 282 in Wisconsin.

10. Defendant has produced its Responses to those requests throughout the course of this litigation. The production included the following manuals:

    a. Cleary Building Corp. Field Employee Handbook, Bates #000186-000276.

    b. Cleary Building Corp. Foreman's Manual, Bates #000277-000430.

    c. Cleary Building Corp. Branch Operations Manual, Bates #000431-001541.

11. On March 13, 2012, Plaintiffs took the Fed. R. Civ. P. 30(b)(6) Deposition of Cleary Chief Financial Officer, Daniel Bullock at the offices of Whyte Hirschboeck Dudek, S.C. in Madison, Wisconsin.

12. A true and correct copy of the deposition transcript is filed as dkt. #32.

13. Attached as Exhibit 1 to this Declaration is a true and correct copy of Exhibit 13 to dkt. #32, the Branch Operations Manual

14. Attached as Exhibit 2 to this Declaration is a true and correct copy of Exhibit 11 to dkt. #32, the Field Employee Handbook.

15. Attached as Exhibit 3 to this Declaration is a true and correct copy of document labeled 032151 from the Cleary Building Corp. Field Employee Handbook as produced by Defendant's council on May 16, 2013.

16. Attached as Exhibit 4 to this Declaration is a true and correct copy of document labeled 19216, an email from Safety Loss and Control Manager, Jared Weber, to branch managers.

17. Attached as Exhibit 5 to this Declaration is a true and correct copy of documents labeled 27471-27472, an email from GMO of Cleary's Eastern Division Ron Reichert to branch managers.

18. Attached as Exhibit 6 to this Declaration is a true and correct copy of document labeled Cleary Organizational Chart created by Plaintiffs from evidence received in support of this motion.

19. Attached as Exhibit 7 to this Declaration is a true and correct copy of document labeled 21841, an email from Region 2 District Manager Von Del Erickson.

20. Attached as Exhibit 8 to this Declaration is a true and correct copy of document labeled 18851, an email from Region 3 District Manager Don Herron to branch managers.

21. Attached as Exhibit 9 to this Declaration is a true and correct copy of document labeled 016912, an email from Region 6 Manager Justin Thompson to branch managers dated 6.20.2011.

22. Attached as Exhibit 10 to this Declaration is a true and correct copy of document labeled 016091, an email from Region 6 Manager Justin Thompson to branch managers dated 6.9.2011.

23. Attached as Exhibit 11 to this Declaration is a true and correct copy of document labeled 19247, an email from Region 8 Manager Jim Steinhoff to branch managers.

24. Attached as Exhibit 12 to this Declaration is a true and correct copy of document labeled 007065, an email from Waverly, Iowa Branch Manager Brian Jorgenson.

25. Attached as Exhibit 13 to this Declaration is a true and correct copy of document labeled 19555, an email from Region 9 Manager Phil Walter to branch managers.

26. Attached as Exhibit 14 to this Declaration is a true and correct copy of document labeled 18470, an email from Region 12 Manager Chris Grayson to branch managers.

27. Attached as Exhibit 15 to this Declaration is a true and correct copy of a document labeled Administrative Employee Handbook, AD-11a.

28. Attached as Exhibit 16 to this Declaration is a true and correct copy of document labeled 4567-4568, a Branch Manager Assessment produced by Defendant.

29. Attached as Exhibit 17 to this Declaration is a true and correct copy of document labeled 003924-25, an excerpt from Regional Manager Training Materials produced by Defendant.

30. Attached as Exhibit 18 to this Declaration is the Plaintiffs' Proposed Notice for the Rule 23 Iowa Class.

31. Attached as Exhibit 19 to this Declaration is the Plaintiffs' Proposed Notice for the Rule 23 Minnesota Class.

32. Attached as Exhibit 20 to this Declaration is the Plaintiffs' Proposed Notice for the Rule 23 Wisconsin Class.

33. Attached as Exhibit 21 to this Declaration is the Plaintiffs' Proposed Notice for the Rule 23 Illinois Class.

34. Attached as Exhibit 22 to this Declaration is a true and correct copy of document labeled 004024, an excerpt from the Branch Assistant Manager Job Description.

35. Attached as Exhibit 23 to this Declaration is a true and correct copy of document labeled 003510-3511, the Field Operations Handbook produced by Defendant.

36. Attached as Exhibit 24 to this Declaration is a true and correct copy of a document labeled Declarations Received by State.

37. Attached as Exhibit 25 to this Declaration is a true and correct copy of document labeled Branch Manager Production Functions Manual.

38. Attached as Exhibit 26 to this Declaration are true and correct copies of the following unpublished opinions:

> Armes v. Sogro, Inc., 2011 U.S. Dist. LEXIS 33241 (E.D. Wis. 2011);
>
> Curry v. Kraft Foods Global, Inc., 2011 U.S. Dist. LEXIS 102510 (N.D. Ill. 2011);
>
> Dole v. Enduro Plumbing, Inc., 117 Lab. Cas. (CCH) P35 (C.D. Cal. 1990);
>
> Driver v.Appleillinois, LLC, 2012 U.S. Dist. LEXIS 27659 (N.D. Ill. 2012);
>
> Franks v. MKM Oil, Inc., 2012 U.S. Dist. LEXIS 128205 (N.D. Ill. 2012);
>
> Mello v. AppleIllinois, Inc., 2011 U.S. Dist. LEXIS 110133 (N.D. Ill 2011);
>
> Temme v. Bemis Company, Inc., 2009 U.S. Dist. LEXIS 49894 (E.D. Wis. 2009).

39. This affidavit is submitted in support of Plaintiffs' Motion for Rule 23 Class Certification, as well as its Memorandum in Support of Motion for Rule 23 Class Certification.

Executed this 24th Day of May, 2013

*/s/ William Parsons*